# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| WILLIE LEE SMITH | CIVIL ACTION NO. 09-1530 |
|     LA. DOC # 454594 | |
| VS. | SECTION P |
| | |
| | CHIEF JUDGE JAMES |
| WARDEN, DAVID WADE | |
| CORRECTIONAL CENTER | MAGISTRATE JUDGE HAYES |

<u>REPORT AND RECOMMENDATION</u>

_____*Pro se* petitioner Willie Lee Smith, proceeding *in forma pauperis*, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on August 27, 2009. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the David Wade Correctional Center, Homer, Louisiana. Petitioner attacks his 2005 attempted armed robbery conviction in Louisiana's Sixth Judicial District Court, East Carroll Parish, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Statement of the Case*

Petitioner was arrested and charged with attempted second degree murder on October 16, 2003. [Doc. 1-3, p. 1] On March 3, 2005, petitioner pled guilty to attempted armed robbery, and immediately was sentenced to serve 20 years at hard labor without benefit of parole. [Doc. 1-3, p. 1; Doc. 1-4, p. 24] Petitioner did not appeal his conviction and sentence. [Doc. 1, ¶8]

On October 11, 2006, he filed a *pro se* application for post-conviction relief in the Sixth

Judicial District Court. [Doc. 1-3, p. 1; see also Doc. 1-4, Doc. 1-4, p. 15; Doc. 1-4,  pp. 34-40; Doc. 1-4, pp. 25-32][1]

Thereafter, in June 2007, petitioner filed a second or supplemental *pro se* application for post-conviction relief. [Doc. 1-3, pp. 1-2;  Doc. 1-4, p. 15; pp. 16-22] On August 1, 2007, the District Court denied the latter application as time-barred noting that it had been filed "more than two years after the Judgment of sentence." [Doc. 1-4, p. 33]

On September 15, 2007, petitioner filed for writs of review in the Second Circuit Court of Appeals. The  writ application was denied on November 1, 2007. [Doc. 1-4, p. 41, *State of Louisiana v. Willie Lee Smith*, No. 43022-KH[2]]

On some unknown date petitioner filed a *pro se* "Motion to Reconsider Judgment Denying Post Conviction Relief" in the District Court. Petitioner attempted to establish that he had in fact submitted a timely post-conviction application in October 2006. [Doc. 1-4, pp. 12-16] On June 26, 2008, his Motion was denied as untimely and repetitive. [Doc. 1-4, p. 11]

On July 30, 2008, petitioner filed another writ application in the Second Circuit. Writs were again denied on August 21, 2008. *State of Louisiana v. Willie Lee Smith*, No. 43891-KH at

---

[1] The pleading was signed on October 11, 2006 [Doc. 1-4, p. 40]; it was submitted to prison authorities for mailing on October 23, 2006 [Doc. 1-4, p. 15].

[2] The Court reasoned, "The burden of proving that relief should be granted is on the applicant. La. C.Cr.P. art. 930.2. The present application does not document a post-conviction filing which was not ruled on, which stopped the running of time limitations, or which was subject to supplementation after the running of the time limits contained in La. C.Cr.P. art. 930.8. The document allegedly filed in October 2006 contains no signature of the applicant, makes no showing that it was mailed to the Clerk of Court of East Carroll Parish, and makes no showing that it was ever filed in the 5th [sic] Judicial district Court. There is no indication that the June 2007 application, filed after April 4, 2007 and which is facially untimely, was a supplementation to any previously filed post-conviction relief application that was still pending in June 2007. On the showing made, the trial court did not err in denying relief, and the writ is denied." *State v. Willie Lee Smith*, No. 43022-KH at Doc. 1-4, p. 41.

Doc. 1-4, p. 42][3]

On some unspecified date petitioner filed a writ application in the Louisiana Supreme Court. [Doc. 1-4, pp. 2-10] On August 12, 2009, his writ application was denied. *State ex rel. Willie Lee Smith v. State of Louisiana*, 2008-KH-2388 (La. 8/12/2009). [Doc. 1-4, p. 1]

On August 21, 2009, he signed his petition for *habeas corpus* [Doc. 1, p. 26]; he mailed it on August 26, 2009. [Doc. 1, p. 27]

### Law and Analysis

#### 1. Limitations

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[4]

---

[3] Again, the Second Circuit noted, "The trial court did not err in denying the defendant's application for post-conviction relief as untimely ... and repetitive... The present application does not document a post-conviction filing which was not ruled on, which stopped the running of time limitations, or which was subject to supplementation after the running of the time limits..." *State v. Willie Lee Smith*, No. 43891-KH at Doc. 1-4, p. 42.

[4] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review.

However, the statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte.* *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], thirty days following March 3, 2005(the date that petitioner was sentenced)[5] or, on or about April 4, 2005.[6] Under § 2244(d)(1) petitioner had one year from that date, or until April 4, 2006, to file his federal *habeas* petition.

Petitioner cannot rely on the statutory tolling provision of §2244(d)(2) because by his own admission – taken as true for the purposes of this Report – he did not file his first collateral attack in the state courts until October 2006, and by that time, although the 2-year State limitations had not expired, the 1-year AEDPA limitations period had already long expired.

---

Finally, nothing in the record suggests that the factual predicate of petitioner's claims was only recently discovered. Thus, the limitations period should not be reckoned from the events described in 28 U.S.C. § 2244(d)(1)(B), (C), and (D).

[5] See La. C.Cr.P. art. 914(b)(1) which provides, "The motion for an appeal must be made no later than [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

[6] The thirty day period expired on Saturday, April 2. That day and the following day, Sunday April 3, were legal holidays and therefore the latest date petitioner could have filed a timely motion for appeal was Monday April 4, 2005.

4

Neither that filing, nor any of his subsequent filings in the Sixth Judicial District, the Second Circuit Court of Appeals,  or the Louisiana Supreme Court could  toll the limitations period since these proceedings were filed <u>after</u> the AEDPA limitations period had already expired.  As stated above, any lapse of time <u>before</u> the filing of his otherwise timely  application for post-conviction relief must be counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).  Since a period of more than twelve un-tolled months elapsed between the date that petitioner's conviction became final and the date that his federal suit was filed, his federal *habeas corpus* claims are barred by the timeliness provisions codified at 28 U.S.C. §2244(d).

## *2. Equitable Tolling*

The one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

The circumstances alleged herein are not extraordinary enough to qualify for equitable

tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.[7]

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

---

[7] Petitioner was apparently a minor at the time the offense was committed in October 2003 having been born on March 15, 1987. [Doc. 1-3, p. 3] However, he attained the age of majority within days after he entered his guilty plea on March 3, 2005. As shown above, by the time the AEDPA limitations period began to run, April, 2005, he was no longer a minor. Therefore, petitioner cannot rely on his tender years to warrant equitable tolling.

conclusions accepted by the District Court, except upon grounds of plain error.  *See,*

*Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

     In Chambers,  Monroe, Louisiana, October 13, 2009.


KAREN L. HAYES
U. S. MAGISTRATE JUDGE

7